IN **THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TYIECE DAVIS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WASTE MANAGEMENT OF GEORGIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Tyiece Davis ("Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Waste Management of Georgia, Inc. ("Defendant"), and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to recover damages and other appropriate relief for Defendant's discrimination against her on the basis of religion and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.

The unlawful employment practices alleged in this Complaint were committed within the state of Georgia and within this District. In accordance with 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court for the claims asserted in this action.

6.

Defendant is now and, at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and

(h) of Title VII, 29 U.S.C. §§ 2000e(b), (g) & (h), and has employed more than fifteen (15) persons for the requisite duration under Title VII. Defendant is therefore covered under Title VII.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent C.T. Corporation System, 289 S. Culver Street, Lawrenceville Georgia 30046.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

Upon Plaintiff's request, the EEOC issued a "Dismissal and Notice of Rights," entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Dismissal and Notice of Rights."

## FACTUAL ALLEGATIONS

11.

Plaintiff began her employment with Defendant on December 14, 2020, as a Residential Trash Driver.

12.

When Plaintiff interviewed for this position with Darry Taylor, she informed Mr. Taylor that she was a Seventh-day Adventist and could not work on Saturday because of her religion. Mr. Taylor responded that this would not be a problem.

13.

On March 20, 2021, Mr. Taylor drove Plaintiff's route because Plaintiff could not work on Saturdays.

14.

Matt Nichols, the General Manager, informed Plaintiff that Mr. Taylor had expressed that he was angry about having to cover Plaintiff's route and that Mr. Taylor "had something for" Plaintiff when she came back in, implying that he had set up a retaliatory response.

15.

When Plaintiff arrived at work on Monday morning, March 22, 2021, she discovered that her timecard had been pulled. Plaintiff sought out Mr. Nichols, who told her that he and Mr. Taylor needed to speak with her.

16.

Mr. Taylor and Mr. Nichols then met with Plaintiff in Mr. Nichols' office.

17.

Mr. Taylor asked Plaintiff who said that she could take off Saturdays. Plaintiff told Mr. Taylor that when she first interviewed with him, she discussed being unable to work on Saturdays due to her religion, and that he told her that she did not have to work on Saturdays.

18.

Mr. Taylor told Plaintiff that Defendant needed her to work on Saturdays, and he gave Plaintiff a written disciplinary warning.

19.

Mr. Nichols then told Plaintiff that she had to submit to a drug test. Plaintiff passed the drug test.

20.

After the meeting, Mr. Taylor told Plaintiff that he had told other employees on Saturday that he was going to get Plaintiff for not working.

21.

On Monday, March 29, 2021, after Plaintiff finished her route for the day, Plaintiff was told to go see Mr. Taylor. Mr. Taylor told Plaintiff that the Director of Operations, Walter (last name unknown) would like to see her. Plaintiff then went to Walter's office, where Mr. Nichols was also present.

22.

Jamie Mitchell was on speaker phone in Walter's office, and she informed Plaintiff that Plaintiff was being put on paid suspension.

23.

On March 31, 2021, Jamie Mitchell in HR called Plaintiff and terminated her employment.

24.

It clearly would not have imposed an undue burden for the employer to accommodate Plaintiff's request for a religion-based accommodation.

25.

Any reason(s) Defendant claims constitute legitimate, non-discriminatory reason(s) for its refusal to accommodate Plaintiff and terminating her employment are pretext for unlawful discrimination and retaliation, in violation of Title VII. As a result of Defendant's violations, Plaintiff has suffered damages, including but not limited to lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I: RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Defendant's actions in failing to accommodate Plaintiff and terminating her employment because of his religious practices and/or need for a religious accommodation constitute unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

28.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

29.

The effects of the practices complained of above have been to deprive Plaintiff of equal employment opportunities because of her religion.

30.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being, and have caused her economic losses.

31.

Defendant is liable for the damages caused by its religious discrimination against Plaintiff.

**COUNT II: RETALIATION IN VIOLATION OF TITLE VII**

32.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33.

Plaintiff's requests for religious accommodations constitute protected activity under Title VII.

34.

Defendant subjected Plaintiff to adverse action, specifically termination, because of her protected conduct. The adverse action to which Plaintiff was

subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

35.

There was a causal connection between the protected conduct and the adverse actions.

36.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

38.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 10th day of September, 2021.

**BARRETT & FARAHANY**
*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com